RALPH VALANZANO
*vs.*
JOHN A. ZANZARELLI

Court of Common Pleas   New Haven County   File No. 33700

MEMORANDUM FILED APRIL 7, 1943.

*John Prete,* of New Haven, for the Plaintiff.

*John A. Maresca,* of New Haven, for the Defendant.

FITZGERALD, J. The question presented by the defendant's demurrer is whether the plaintiff lessor in law has a right of action against the defendant lessee to recover of the latter damages for breach of the covenant to pay rent contained in a written lease under seal for the term of five years, duly executed by the parties, *but never recorded.*

The interposed demurrer invokes section 5018 of the General Statutes, Revision of 1930, which, so far as is material to the question presented, reads as follows: "No lease of any building, land or tenement, for life or for any term exceeding one year....shall be effectual against any person other than the lessor and his heirs, unless it shall be in writing, executed, attested, acknowledged and *recorded* (italics by court) in the same manner as a deed of land."

The answer to the question presented is found in the case of *Johnson vs. Phoenix Mutual Life Insurance Co.,* 46 Conn. 92, 102: "The primary object of a lease is to convey to the lessee an interest in land. It usually contains also covenants on the part of both parties, the lessee covenanting to pay rent, &c. The statute was designed to have the titles to real estate, and any interest therein for a longer time than one year, appear of record, and that for the purpose of protecting third parties. As to third parties therefore, a lease such as this is is inoperative. As between the parties to it the legislature clearly intended that it should be valid. The statute has reference to that portion of a lease which conveys to the lessee an interest in real estate, and expressly makes that good as against the lessor and his heirs, and in favor of the lessee. We do not think that the legislature intended to make such a contract valid as to one party and void as to the other. We think it a reasonable construction of the statute to hold that it was intended to make the contract valid as to both parties if to either. Otherwise there would be a want of mutuali-

ty....The lease itself being in force as against the plaintiff, we think that the agreement to pay rent is in force as against the defendant."

Demurrer overruled.